483 F.Supp.2d 1355 (2007)
In re ORTHOPAEDIC IMPLANT DEVICE ANTITRUST LITIGATION.
Paul J. Chaiken DDS, P.C.
v.
Biomet, Inc., et al., C.A. No. 3:06-462.
South Central Surgical Center, LLC
v.
Zimmer Holdings, Inc., et al., S.D. Indiana, C.A. No. 1:06-1068.
Suzanne Kirschner
v.
Biomet, Inc., et al., W.D. Tennessee, C.A. 2:06-2469.
John Williams
v.
Biomet, Inc., et al., W.D. Tennessee, C.A. No. 2:06-2481.
No. MDL-1831.
Judicial Panel on Multidistrict Litigation.
April 18, 2007.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA,[*] Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of two actions pending in the Western District of Tennessee and an action each in the Northern District of Indiana and the Southern District of Indiana.[1] Defendants[2] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Indiana. Plaintiffs in all actions support centralization in the Southern District of Indiana or, alternatively, the Northern District of Indiana.
On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual allegations concerning whether the defendants engaged in a conspiracy to artificially increase, maintain, and/or stabilize prices of orthopedic implants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
We are persuaded that the Southern District of Indiana is an appropriate transferee forum for this docket. This district, where related grand jury proceedings are located and the first-filed action is pending, enjoys the support of all parties.
*1356 IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of Indiana are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable John D. Tinder for coordinated or consolidated pretrial proceedings with the action already pending in that district.
NOTES
[*] Judge Scirica took no part in the decision of this matter.
[1] The Section 1407 motion originally sought to transfer five actions, but an action filed in the Western District of Tennessee was later dismissed, thus rendering Panel consideration of that action moot.
[2] Zimmer Holdings, Inc.; Zimmer, Inc.; Stryker Corp.; Biomet, Inc.; DePuy Orthopaedics and/or DePuy, Inc.; Johnson & Johnson; and Smith & Nephew plc and Smith & Nephew, Inc.